```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
                             LEXINGTON

ONALEE DANIELS,                     )
                                    )
                                    ) Civil Action No. 5:04-481-JMH
        Plaintiff,                  )
                                    )
v.                                  )
                                    )
GREYHOUND LINES, INC.,              )
                                    )   MEMORANDUM OPINION AND ORDER
                                    )
        Defendant.                  )

               **    **    **    **    **
```

This matter is before the Court on the defendant's motion for summary judgment [Record No. 29]. The plaintiff, Onalee Daniels, has responded [Record No. 30], to which the defendant filed a reply [Record No. 31]. The matter having been fully briefed, and the Court being duly advised, this matter is ripe for decision.

### FACTUAL BACKGROUND

On July 22, 2002, Plaintiff was a passenger on a bus owned and operated by the defendant, Greyhound Lines, Inc. ("Greyhound"). As the bus was traveling southbound on US 25 in Kentucky, it collided with the vehicle in front of it and struck a guardrail on the highway. Following the accident, the Greyhound bus driver was cited with following too close. Plaintiff alleges that, upon impact, she was thrown into the seats in front of her. Plaintiff claims that as a result of this collision, she suffers and may continue to suffer mental anguish, pain and suffering, injuries, and physical limitations.

**PROCEDURAL BACKGROUND**

On July 21, 2004, Plaintiff filed this action in the United States District Court for the Eastern District of Michigan. Greyhound filed a Motion to Dismiss or Transfer, relying on the theory that the Eastern District of Kentucky would provide a more convenient forum. Judge Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, transferred the case to the Eastern District of Kentucky under 28 U.S.C. § 1404(a), concluding that Plaintiff could have filed her action in the Eastern District of Kentucky and that transfer of venue served the interests of justice and convenience of the parties.

The Supreme Court has held that when a case is transferred under 28 U.S.C. § 1404(a), the transferee court must apply the choice-of-law rules of the transferor court. *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). In his order granting Greyhound's motion to transfer, Judge Zatkoff reasoned that, in deciding this case, this Court would apply Michigan law.[1] This Court agrees that under Michigan's choice-of-law provisions, which require a rational justification for displacing Michigan law, Michigan law should be

---

[1] Michigan law demands that the court first determine if a foreign state has an interest in having its law applied; if no such interest exists, Michigan law is applied. *Sutherland v. Kennington Truck Serv., Ltd.*, 562 N.W.2d 466, 471 (Mich. 1997). The law of the forum applies when Michigan residents are "involved in an accident in another state and appea[r] as plaintiffs or defendants in a tort action in Michigan courts." *Mahne v. Ford Motor Co.*, 900 F.2d 83, 85 (6th Cir. 1990).

applied in this case.

Despite Judge Zatkoff's conclusion in his transfer order, in its motion for summary judgment, Greyhound discusses Kentucky negligence law. Whether this Court applies Michigan law or Kentucky law is of little consequence because Plaintiff has failed to raise a genuine issue of material fact as to causation, an element of a *prima facie* case of negligence required by the law in both states.

## STANDARD OF REVIEW

A grant of summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden is met by showing the court that there is an absence of evidence on a material fact on which the nonmoving party has the ultimate burden of proof at trial. *Id.* at 325. The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). A material fact is one that may affect the outcome of the issue at trial, as determined by substantive law. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows "that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The Court's function is not to weigh the evidence but to decide whether there are genuine issues for trial. *Id.* at 249. The evidence should be construed in the light most favorable to the nonmoving party when deciding whether there is enough evidence to overcome summary judgment. *Id.* at 255; *Multimedia 2000, Inc. v. Attard*, 374 F.3d 377, 380 (6th Cir. 2004).

## DISCUSSION

Four elements are required to establish a *prima facie* case of negligence: "(1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Case v. Consumers Power Co.*, 615 N.W.2d 17, 20 (Mich. 2000) (footnote omitted). Greyhound argues that Plaintiff cannot establish the elements of causation and damages. The element of causation generally requires proof that "'but for' the defendant's actions, the plaintiff's injury would not have occurred." *Skinner v. Square D Co.*, 516 N.W.2d 475, 479 (Mich. 1994); *see also Glaser v. Thompson Med. Co.*, 32 F.3d 969, 971 (6th Cir. 1994) (holding that a federal court sitting in diversity applies the state law of causation). Plaintiff must introduce evidence which sets forth "a reasonable basis upon which a jury could conclude that it was more

4

likely than not that the defendant's conduct in fact caused the injury." *Glaser*, 32 F.3d at 971.  If Greyhound establishes that there is no genuine issue of material fact as to causation, the burden of production shifts to Plaintiff who must produce probative evidence showing that, but for the July 22, 2002 bus crash, she would not have suffered certain injuries.

In its motion for summary judgment, Greyhound argues that Plaintiff cannot establish a *prima facie* case of negligence because she has presented no evidence as to the element of causation.  In her deposition, Plaintiff indicated that she began taking two medications, Actonel and Accolate, after the accident.  However, Plaintiff never contends that these two post-accident medications were prescribed to treat injuries she sustained as a result of the bus crash.  In its motion, Greyhound has shown that Plaintiff has failed to point to any specific evidence tending to show causation; therefore, Greyhound has properly discharged its burden and the burden then shifts to Plaintiff.

Upon this burden shift, Plaintiff "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. Rule 56(e).  In response to Greyhound's motion, Plaintiff "concedes that she suffered certain medical ailments before the collision" but claims that "much of her ailments were exasperated by the collision."  (Pl.'s Resp. 3.)  Plaintiff argues that "the law does not require her to present the element[s] of causation and

5

damages by or through any expert witnesses." (*Id.*)

In order to survive a summary judgment motion, the law clearly requires Plaintiff to present evidence to support her claim that there is a genuine issue for trial on causation. The law unequivocally instructs Plaintiff that she cannot simply rest upon the allegations in her pleadings. Fed. R. Civ. P. 56(e). "[M]ere conclusory allegations are not sufficient to withstand a motion for summary judgment." *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). Plaintiff's statement that she "suffered several injuries and requires certain medications" as a result of the collision is a conclusory allegation that she has failed to support with probative evidence. (Pl.'s Resp. 2.)

Plaintiff has simply not met the requirements of Rule 56(e); instead, she relies on the general claims of physical and mental injury presented in her pleadings. A mere statement in her complaint that "serious injuries," which Plaintiff never describes or explains, did not arise until after the date of the bus accident is not sufficient evidence of causation to overcome a summary judgment motion. Because Plaintiff has not presented any evidence pertaining to causation, except for the mere allegations set forth in her complaint, she has not presented the significant probative evidence that is necessary to defeat Greyhound's summary judgment motion. Plaintiff's claims must be dismissed for failing to substantiate causation — one of the elements of her *prima facie*

6

case.

## CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED** that Defendant's motion for summary judgment [Record No. 29] be, and the same hereby is, **GRANTED**.

This the 5th day of July, 2006.



Signed By:

*Joseph M. Hood*

United States District Judge